UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBORAH K. WONG,

        Plaintiff,

        v.

BIZTIMES MEDIA, LLC.,

        Defendant.

Case No:

JURY TRIAL DEMAND

## COMPLAINT

Plaintiff Deborah K. Wong ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant BizTimes Media, LLC. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a professional photographer who authored a number of photographs (hereinafter referred to collectively as the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Upon information and belief, Defendant is an independently-owned media company that provides business news, analysis, and strategic insights to business leaders in southeastern Wisconsin, offering content through print magazines, online platforms, daily email newsletters, and various annual events like the BizExpo and Nonprofit Excellence Awards. Founded in 1995 and based in Milwaukee, the company focuses on breaking business news, in-depth features, industry trends, and profiles of key executives.

4. As a key part of its business model, Defendant owns and operates a website at biztimes.com (the "*Website*").

5. Defendant also owns and operates a social media account on X known as BizTimesMedia (the "*Account*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the Website and Account to promote concerts for the musicians depicted in the images and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Deborah K. Wong is an individual who is a citizen of the State of New York and maintains a principal place of business in Suffolk County, New York.

8. Upon information and belief, defendant BizTimes Media, LLC., is a Wisconsin limited liability company with a principal place of business at 126 North Jefferson Street Suite 403, Milwaukee in Milwaukee County, Wisconsin.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Wisconsin.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.**    **Plaintiff's Copyright Ownership**

12. Wong is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States

Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. On June 10, 2018, Plaintiff first published Photograph #1. A copy of Photograph #1 is attached hereto as Exhibit 1.

17. On September 7, 2018, Photograph #1 was registered by the USCO under Registration No. VA 2-118-602.

18. On June 10, 2018, Plaintiff first published Photograph #2. A copy of Photograph #2 is attached hereto as Exhibit 1.

19. On September 7, 2018, Photograph #2 was registered by the USCO under Registration No. VA 2-118-602.

20. On June 14, 2017, Plaintiff first published Photograph #3. A copy of Photograph #3 is attached hereto as Exhibit 1.

21. On August 29, 2017, Photograph #3 was registered by the USCO under Registration No. VA 2-065-013.

22. In creating the Photographs, Wong personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

23. Plaintiff created the Photographs with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.  Defendant's Infringing Activity**

24. Defendant is the registered owner of the Website and is responsible for its content.

25. Defendant is the operator of the Website and is responsible for its content.

26. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

27. The Website is monetized in that it contains paid advertisements and, on

information and belief, Defendant profits from these activities.

28. The Website is monetized in that it sells subscriptions to the public and, on information and belief, Defendant profits from these activities.

29. Defendant is the registered owner of the Account and is responsible for its content.

30. Defendant is the operator of the Account and is responsible for its content.

31. The Account is a part of and used to advance Defendant's commercial enterprise.

32. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their posts have been properly licensed.

33. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

34. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

35. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

36. On or about February 5, 2020, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a Photograph of American singer-songwriter, Sam Hunt ("*Photograph*" #1) on the Website as part of an on-line post at URL: https://biztimes.com/sam-hunt-to-headline-summerfest/ ("*Infringement*" #1). A copy of a screengrab depicting Infringement #1 is attached hereto as Exhibit 2.

37. Photograph #1 was intentionally and volitionally copied and stored locally by Defendant on its server at URL: https://assets.biztimes.com/2020/02/sam-hunt-1068x601.jpg.

38. On or about January 29, 2020, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a Photograph of American singer-songwriter, Chris

4

Appleton ("*Photograph*" #2) on the Website as part of an on-line post at URL: https://biztimes.com/chris-stapleton-to-headline-summerfest/ ("*Infringement*" #2). A copy of a screengrab depicting Infringement #2 is attached hereto as Exhibit 2.

39. On or about January 29, 2020, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a Photograph of American singer-songwriter, Chris Appleton ("*Photograph*" #2) on the Account as part of an on-line post at URL: https://x.com/BizTimesMedia/status/1222581258942918657/photo/1 ("*Infringement*" #3). A copy of a screengrab depicting Infringement #3 is attached hereto as Exhibit 2.

40. Photograph #2 was intentionally and volitionally copied and stored locally by Defendant on its server at URL: https://assets.biztimes.com/2020/01/chris-stapleton-1068x601.jpg.

41. Plaintiff first observed Infringements #1-3 on May 15, 2023.

42. On or about June 20, 2018, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a Photograph of American singer-songwriter, Chris Young ("*Photograph*" #3) on the Website as part of an on-line post at URL: https://biztimes.com/chris-young-to-perform-at-new-arena/ ("*Infringement*" #4). A copy of a screengrab depicting Infringement #4 is attached hereto as Exhibit 2.

43. On or about June 20, 2018, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed a Photograph of American singer-songwriter, Chris Young ("*Photograph*" #3) on the Website as part of an on-line post at URL: https://biztimes.com/chris-young-to-perform-at-new-arena/ ("*Infringement*" #5). A copy of a screengrab depicting Infringement #5 is attached hereto as Exhibit 2.

44. Photograph #3 was intentionally and volitionally copied and stored by Defendant locally on its server at URL: https://assets.biztimes.com/uploads/2019/05/Chris-Young-062018.jpg.

45. Plaintiff first observed the Infringements #4-5 on August 12, 2023 (hereinafter Infringement Nos. 1-5 are referred to as the "*Infringements*").

46. The Infringements are copies of Plaintiff's original images that were directly copied and displayed by Defendant.

47. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

48. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

49. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and Account, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photographs.

50. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Lauren Anderson whose Defendant Website lists her as former BizTimes Milwaukee reporter and Maredithe Meyer whose Defendant Website lists her as an associate editor (the "*Employees*").

51. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they created the Infringements.

52. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they created the Infringements.

53. Upon information and belief, the Photographs were willfully and volitionally posted to the Website and Account by Defendant.

54. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the

basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

55. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

56. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website and Account.

57. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and Account and exercised and/or had the right and ability to exercise such right.

58. Upon information and belief, Defendant monitors the content on its Website and Account.

59. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

60. Upon information and belief, the Infringements increased traffic to the Website and Account and, in turn, caused Defendant to realize an increase in its business revenues.

61. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website and Account.

62. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted materials.

63. Defendant's use of the Photographs harmed the actual market for the Photographs.

64. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

65. On August 17, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

66. Thereafter, on September 11, 2025, and September 18, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to

avoid litigation.

67. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

68. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

69. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

70. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

71. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

72. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

73. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

74. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

75. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

76. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used,

8
Case 2:25-cv-01836-PP    Filed 11/19/25    Page 8 of 10    Document 1

published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

77. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

78. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

79. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

80. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any

    infringing use of any of Plaintiff's works;

  d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e.  for pre-judgment interest as permitted by law; and

  f.  for any other relief the Court deems just and proper.

DATED: November 19, 2025

            **SANDERS LAW GROUP**

            By:  */s/ Craig Sanders*
            Craig Sanders, Esq.
            333 Earle Ovington Blvd, Suite 402
            Uniondale, NY 11553
            Tel: (516) 203-7600
            Email: csanders@sanderslaw.group
            File No.: 128499

            *Attorneys for Plaintiff*